**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TORMU PRALL,<br><br>                Petitioner,<br><br>     v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>                Respondents. | Civil Action No. 16-6557 (BRM)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE:**

Before this Court is the Amended Petition for a Writ of Habeas Corpus (the "Amended Petition") of Petitioner Tormu Prall ("Petitioner"), brought pursuant to 28 U.S.C. § 2254. (ECF No. 8.) On January 10, 2017, this Court entered an Order directing Petitioner to show cause why the Amended Petition should not be dismissed with prejudice as time-barred. (ECF No 9.) On January 23, 2017, Petitioner filed a response to that Order. (ECF No. 10.) For the reasons set forth below, the Amended Petition is **DISMISSED WITH PREJUDICE** as time-barred.

**I.   BACKGROUND[1]**

According to the Amended Petition and Petitioner's response to the Order to Show Cause, on February 5, 2010, Petitioner was sentenced to a ten-year sentence for aggravated assault and eluding and resisting arrest. (ECF No. 8 at 2; ECF No. 10 at 2.) Petitioner appealed, and the New Jersey Appellate Division affirmed his sentence on July 6, 2011. (ECF No. 8 at 3; ECF No. 10 at 2.) Petitioner thereafter filed a petition for certification with the New Jersey Supreme Court, which

---

[1] The Court incorporates the facts and procedural history set forth in the January 10, 2017 Order to Show Cause. Therefore, only a brief recitation of the procedural history of this matter is necessary to provide context to this Court's Opinion.

1

was denied on December 1, 2011.[2] *State v. Prall*, 208 N.J. 600 (2011). Petitioner does not appear to have petitioned the United States Supreme Court for certiorari; thus, for statute of limitations purposes, his conviction became final ninety (90) days later, on February 29, 2012, *i.e.* the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *Figueroa v. Buechele*, Civ. No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015).

More than fifteen (15) months later, on June 11, 2013, Petitioner filed his petition for post-conviction relief ("PCR") in state court. (ECF No. 8 at 4; ECF No. 10 at 2.) Petitioner's PCR petition remained pending in the state courts until certification was denied on that petition on September 23, 2016. *State v. Prall*, 2016 WL 5865045 (Sept. 23, 2016). He filed this petition for writ of habeas corpus six (6) days later, on September 29, 2016. (ECF No. 1 at 1.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner has the burden of establishing his entitlement to relief for each claim presented in his Amended Petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to screen the Amended Petition to determine whether it "plainly appears from

---

[2] Although Petitioner states that certification was denied on November 29, 2011 (ECF No. 8 at 3; ECF No. 10 at 2), the citation he provides indicates certification was, in fact, denied on December 1, 2011. *Prall*, 208 N.J. at 600. For the purposes of this Opinion, the Court gives Petitioner the benefit of the later date.

the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DECISION

Because the Amended Petition is brought pursuant to § 2254, it is subject to a one-year statute of limitations. *See Figueroa*, 2015 WL 1403829, at *2. In this case, the one-year statute of limitations began to run on February 29, 2012, the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *Id.* Therefore, because Petitioner's original petition in this matter was not submitted until September 29, 2016, this action was filed outside the applicable statute of limitations.

The one-year statute of limitations, however, is subject to statutory tolling, which automatically applies to the period of time during which a petitioner has a properly filed PCR petition pending in the state courts. *Figueroa*, 2015 WL 1403829 at *2. By Petitioner's own admission, he did not file his PCR petition in state court until June 11, 2013, more than three (3) months after the expiration of the one-year limitations period. (ECF No. 8 at 4.) Therefore, as the Court explained in the January 10, 2017 Order to Show Cause, statutory tolling is of no benefit to Petitioner, unless Petitioner can show that he is entitled to equitable tolling of the statute of limitations for at least the three (3) months between March 1, 2013 and June 11, 2013. (*See* ECF No. 8 at 3); *see also Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (no statutory tolling results if a PCR application is filed more than a year after the litigant's judgment became final); *Schlueter v. Varner*, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, Petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Petitioner fails to provide a basis for equitable tolling in both the Amended Petition and his response to the Order to Show Cause. Instead, Petitioner argues in his response that, pursuant to the Supreme Court's decision in *Wall v. Kholi*, 562 U.S. 545 (2011), his one-year limitations period was tolled throughout the entire five-year period during which he could have filed his PCR petition under New Jersey Court Rule 3:22-12. *See* N.J. Court Rules, R. 3:22-12 (requiring that all PCR petitions be filed within five (5) years of the date of conviction). Petitioner, however, misreads the holding of *Wall*.

The question before the Supreme Court in *Wall* was not whether the habeas limitations period was tolled while a petitioner was entitled to file a petition for review in state court but did not. Instead, *Wall* addressed whether or not Rhode Island's equivalent to a Rule 35 motion qualified as a form of collateral review. *Wall*, 562 U.S. at 549-61. Indeed, the Supreme Court reiterated in *Wall* that a petitioner is generally required to file his "federal habeas petition . . . within one year of the date on which the judgment became final by the conclusion of direct review. But the 1-year limitation period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." *Id.* at 549 (internal citations and quotations omitted). Because the statutory tolling is tied to "the pendency of a properly filed application," it only applies for the period of time between the filing of such an application and its ultimate conclusion in the state courts. *See Holland v. Florida*, 560

4

U.S. 631, 635-37, (2010) (calculating statutory tolling from date PRC motion is filed in state court until date of final state court decision). Nothing in *Wall* suggests, let alone holds, the one-year limitations period is tolled throughout the entire time during which a petitioner *could* file a collateral attack on his conviction. *Wall*, 562 U.S. at 549-61. Instead, such tolling only applies after a collateral review petition has been filed and while it remains pending in the state courts. *Wall*, therefore, provides no support for Petitioner's assertion that he was entitled to tolling for the entire five-year period in which he could have filed a PCR petition, nor the assertion that the one-year period restarts once a PCR petition runs its course.

As explained above, Petitioner's conviction became final on February 29, 2012. His one-year statute of limitations had therefore expired as of March 1, 2013, several months before the date on which Petitioner asserts he filed his PCR petition. (*See* ECF No. 10). Consequently, Petitioner's one-year statute of limitations expired before he filed his PCR petition in the state courts. The filing of his PCR petition did not toll or restart the already expired limitations period. *See Long*, 393 F.3d at 394-95; *Schlueter*, 384 F.3d at 78-79. Petitioner has asserted no other basis for the equitable tolling of the limitations period, and this Court perceives no basis for such tolling, based on Petitioner's filings. Petitioner's habeas petition is thus clearly time-barred, and is dismissed with prejudice.

### IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's ruling that the Amended Petition is time-barred and that Petitioner has failed to establish a basis for tolling, no certificate of appealability shall issue.

V. **CONCLUSION**

For the reasons stated above, the Amended Petition (ECF No. 8) is **DISMISSED WITH PREJUDICE** and Petitioner is **DENIED** a certificate of appealability. An appropriate order will follow.

Date: February 1, 2017                  */s/ Brian R. Martinotti*
                                                                                   **HON. BRIAN R. MARTINOTTI**
                                                                                   UNITED STATES DISTRICT JUDGE