# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TORMU PRALL, <br><br> Petitioner, <br><br> v. <br><br> THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., <br><br> Respondents. | Civil Action No. 16-6557-BRM <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Petitioner Tormu Prall's ("Petitioner") motion (ECF No. 16) pursuant to Federal Rule of Civil Procedure 60(b), requesting this Court vacate its February 1, 2017 Order (ECF Nos. 11-12), which dismissed his habeas petition as time barred, and reinstate his petition. For the reasons set forth below, Petitioner's motion is **DENIED**.

## I. BACKGROUND

Petitioner filed his original habeas petition ("Petition") on or about October 5, 2016. (ECF No. 1.) On January 5, 2017, Petitioner filed an amended petition ("Amended Petition"). (ECF No. 8.) On January 10, 2017, this Court entered an order directing Petitioner to show cause why his Amended Petition should not be dismissed as time barred. (ECF No. 10.) In response, Petitioner filed a letter brief on January 23, 2017. (ECF No. 10.) On February 1, 2017, this Court entered its order and opinion dismissing the Amended Petition with prejudice and denying him a certificate of appealability. (ECF No. 11-12.) This Court explained that dismissal as follows in its opinion:

> Because the Amended Petition is brought pursuant to § 2254, it is subject to a one-year statute of limitations. *See Figueroa*, 2015 WL 1403829, at *2. In this case, the one-year statute of limitations began to run on February 29, 2012, the "date on which the judgment became final by the conclusion of direct review or the expiration of

1

the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *Id.* Therefore, because Petitioner's original petition in this matter was not submitted until September 29, 2016, this action was filed outside the applicable statute of limitations.

The one-year statute of limitations, however, is subject to statutory tolling, which automatically applies to the period of time during which a petitioner has a properly filed PCR petition pending in the state courts. *Figueroa*, 2015 WL 1403829 at *2. By Petitioner's own admission, he did not file his PCR petition in state court until June 11, 2013, more than three (3) months after the expiration of the one-year limitations period. (ECF No. 8 at 4.) Therefore, as the Court explained in the January 10, 2017 Order to Show Cause, statutory tolling is of no benefit to Petitioner, unless Petitioner can show that he is entitled to equitable tolling of the statute of limitations for at least the three (3) months between March 1, 2013 and June 11, 2013. (*See* ECF No. 8 at 3); *see also Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (no statutory tolling results if a PCR application is filed more than a year after the litigant's judgment became final); *Schlueter v. Varner*, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, Petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Petitioner fails to provide a basis for equitable tolling in both the Amended Petition and his response to the Order to Show Cause. Instead, Petitioner argues in his response that, pursuant to the Supreme Court's decision in *Wall v. Kholi*, 562 U.S. 545 (2011), his one-year limitations period was tolled throughout the entire five-year period during which he could have filed his PCR petition under New Jersey Court Rule 3:22-12. *See* N.J. Court Rules, R. 3:22-12 (requiring that all PCR petitions be filed within five (5) years of the date of conviction). Petitioner, however, misreads the holding of *Wall*.

The question before the Supreme Court in *Wall* was not whether the habeas limitations period was tolled while a petitioner was entitled to file a petition for review in state court but did not. Instead, *Wall* addressed whether or not Rhode Island's equivalent to

> a Rule 35 motion qualified as a form of collateral review. *Wall*, 562 U.S. at 549-61. Indeed, the Supreme Court reiterated in *Wall* that a petitioner is generally required to file his "federal habeas petition . . . within one year of the date on which the judgment became final by the conclusion of direct review. But the 1-year limitation period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." *Id*. at 549 (internal citations and quotations omitted). Because the statutory tolling is tied to "the pendency of a properly filed application," it only applies for the period of time between the filing of such an application and its ultimate conclusion in the state courts. *See Holland v. Florida*, 560 U.S. 631, 635-37 (2010) (calculating statutory tolling from date PRC motion is filed in state court until date of final state court decision). Nothing in *Wall* suggests, let alone holds, the one-year limitations period is tolled throughout the entire time during which a petitioner *could* file a collateral attack on his conviction. *Wall*, 562 U.S. at 549-61. Instead, such tolling only applies after a collateral review petition has been filed and while it remains pending in the state courts. *Wall*, therefore, provides no support for Petitioner's assertion that he was entitled to tolling for the entire five-year period in which he could have filed a PCR petition, nor the assertion that the one-year period restarts once a PCR petition runs its course.
>
> As explained above, Petitioner's conviction became final on February 29, 2012. His one-year statute of limitations had therefore expired as of March 1, 2013, several months before the date on which Petitioner asserts he filed his PCR petition. (*See* ECF No. 10). Consequently, Petitioner's one-year statute of limitations expired before he filed his PCR petition in the state courts. The filing of his PCR petition did not toll or restart the already expired limitations period. *See Long*, 393 F.3d at 394-95; *Schlueter*, 384 F.3d at 78-79. Petitioner has asserted no other basis for the equitable tolling of the limitations period, and this Court perceives no basis for such tolling, based on Petitioner's filings. Petitioner's habeas petition is thus clearly time-barred, and is dismissed with prejudice.

(ECF No. 11 at 2-4.)

On February 10, 2017, Petitioner filed a notice of appeal and filed with the Third Circuit a motion requesting a certificate of appealability. (ECF No. 13.) On March 30, 2017, the Third Circuit dismissed Petitioner's appeal and denied him a certificate of appealability as "[r]easonable jurists would not debate the correctness of the District Court's procedural ruling dismissing

3

[Petitioner's] federal habeas petition as untimely . . . and [Petitioner] has not established any basis for equitable tolling of the one-year limitations period." (ECF No. 15.) On April 26, 2017, Petitioner filed with this Court his current motion to vacate the order dismissing his petition. (ECF No. 16).

In support of vacating the February 1, 2017 Order, Petitioner argues only that his petition should not be time barred because he filed an earlier habeas petition under Docket Number 11-6355 (the "2011 Petition"). While Petitioner has never previously raised this argument, either in his response to the Court's Order to Show Cause or before the Third Circuit on appeal, he maintains he omitted it "due to mistake, inadvertence, and excusable neglect." (ECF No. 16 at 3.)

## II.  LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

4

## III. DECISION

In his motion to vacate the Court's February 1, 2017 Order, Petitioner argues, for the first time, he made a mistake by failing to bring to the Court's attention his 2011 Petition. This is insufficient grounds to vacate the February 1, 2017 Order.

As an initial matter, Petitioner failed to raise this argument until now despite ample opportunity to do so before this Court and the Third Circuit. Nevertheless, consideration of the 2011 Petition would have been futile, as it does nothing to toll the statute of limitations. Section 2244 "does not toll the limitation period during the pendency of a federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L.Ed.2d 251 (2001); *Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008). Therefore, Petitioner is not entitled to statutory tolling.

The Amended Petition can only be saved by application of the equitable tolling doctrine, which is appropriate where, for example, the Court is trying to "ensure [petitioner] has the opportunity to have the court evaluate the claims originally presented." *Urcinoli*, 546 F.3d at 275. In *Urcinoli*, the Third Circuit found equitable tolling to be an appropriate remedy because the district court had dismissed the "mixed" petition—one that included exhausted and unexhausted claims—without providing petitioner the opportunity to delete his unexhausted claims and continue with his exhausted claims. *Id.* Consequently, petitioner's remaining avenues for relief were futile; he could not refile his petition, either without the unexhausted claims or after attempting to achieve total exhaustion, "because the District Court's dismissal after the end of AEDPA's limitations period meant that any refiling would be time-barred." *Id.* at 274. The court noted, "The lack of notice was especially problematic because, as a *pro se* petitioner, [petitioner] was less likely to foresee the exhaustion issue on his own or to know how to avoid it." *Id.* at 275.

The Supreme Court decision in *Rhines v. Weber*, which was issued after the first petition was dismissed and prior to the Third Circuit's decision, instructed the Third Circuit's decision to allow equitable tolling in *Urcinoli*. The Supreme Court held courts must now give petitioners who file mixed petitions notice of their options before dismissing their petition: (1) delete the unexhausted claims and proceed only with the exhausted claims; (2) accept dismissal of the petition in its entirety and return to state court to exhaust any unexhausted claims; or, in limited circumstances, (3) "stay the [mixed] petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 274 (citing *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982)) (quoting *Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005)). Because "the 'stay-and-abeyance' procedure had not yet been established when [petitioner's] first petition was dismissed," and because the petition was dismissed without notice or an opportunity to delete the unexhausted claims, petitioner was prevented from going forward with a mixed petition, and equitable tolling was an appropriate remedy in *Urcinoli*. *Id.* at 274-75.

Petitioner's case is distinguishable. Petitioner was provided ample notice of the issues he faced with his 2011 Petition, whereas the court in *Urcinoli* found the lack of notice problematic. *Urcinoli*, 546 F.3d at 275. Further, the 2011 Petition was not classified as a mixed petition; rather, on April 29, 2014, the Honorable Anne E. Thompson, U.S.D.J., issued an opinion and order finding none of Petitioner's remedies had been exhausted and directed him to show cause why the 2011 Petition should not be dismissed. (Docket No. 11-6355 at ECF Nos. 38-39.) Therein, and consistent with the protocol required by *Rhines* and *Urcinoli*, Judge Thompson specifically explained that, when faced with an unexhausted petition, the court may dismiss the petition without prejudice, or, under certain limited circumstances (such as when a dismissal without prejudice will

6

render any future petition time barred), stay the petition pending exhaustion. (*Id.* at 14-15.) She further noted a stay and abeyance will only be implemented where: (1) the petition contains potentially meritorious claims; (2) there is no evidence that the petitioner acted in a dilatory fashion; and (3) there is good cause for the failure to exhaust. (*Id.* at 15 (quoting *Rhines*, 544 U.S. 269 (2005) (permitting stay of habeas petition pending exhaustion under these circumstances)).)

Accordingly, Judge Thompson found Petitioner had not exhausted his remedies, would be "forever foreclosed from bringing . . . a federal habeas petition" if the 2011 Petition were dismissed, and was likely not entitled to a stay because "Petitioner has alleged no facts that would suggest that he had good cause for [his] failure to timely file and fully exhaust his state remedies" and because she "had grave doubts whether any of [Petitioner's claims] are meritorious." (*Id.* at 17-18.) Having provided Petitioner with this notice, Judge Thompson ordered him to show cause why the 2011 Petition should not be dismissed. (*Id.* at 19.)

Petitioner, in response to that notice, argued he had exhausted his remedies by presenting them to the Appellate Division. (Docket No. 11-6355 at ECF No. 40 at 16-17.) Despite this argument, Petitioner specifically stated in his response that, if Judge Thompson were "not inclined to accept" his arguments, Petitioner "ask[s] for the Court to address only those claims it feels have been exhausted and dismiss the rest, instead of issuing a stay." (*Id.* at 18.) Petitioner further stated he "forever abandons" those claims Judge Thompson chose to dismiss as unexhausted. (*Id.*) Before Judge Thompson ruled on the 2011 Petition or the Order to Show Cause, Petitioner withdrew his petition. (Docket No. 11-6355 at ECF Nos. 41-42.)

Indeed, Petitioner withdrew the 2011 Petition *after* having been directly informed that doing so would result in his federal claims being time barred. Petitioner was aware of the risks he faced in withdrawing the 2011 Petition and chose to do so anyway. Even assuming, *arguendo*, the

7

2011 Petition were pursued, Petitioner directly refused the possibility of a stay pending exhaustion and instead asked the Court to rule on his "exhausted" claims, despite Judge Thompson's notice none existed. Petitioner cannot now claim the statute of limitations should be tolled after he specifically chose this course of action knowing full well he would likely be foreclosed from federal habeas relief.

Petitioner has failed to show he made any mistake in failing to raise the 2011 Petition or that the Court made a mistake in dismissing the Amended Petition. He presents no "extraordinary circumstances" warranting equitable tolling, and his petition remains time barred regardless of the 2011 Petition. Accordingly, his motion is **DENIED**. *Gonzalez*, 545 U.S. at 529.

### IV. CONCLUSION

For the reasons stated above, Petitioner's Rule 60(b) motion (ECF No. 16) is **DENIED**. An appropriate order will follow.

Date: December 29, 2017  */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**